IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


GEORGE MANUEL EDDINS, JR.,
   Petitioner,

vs.            Case No.: 3:14cv369/MCR/EMT

JULIE L. JONES,
   Respondent.
_____/

## REPORT AND RECOMMENDATION

   This matter is before the court on Petitioner's motion to voluntarily dismiss his habeas petition filed pursuant to 28 U.S.C. § 2254 (doc. 23).  As grounds for dismissal, Petitioner states he filed an application for post-conviction relief in the state courts in September of 2014, which is still pending, and he wishes to dismiss his § 2254 petition without prejudice to refiling a petition at a future time so that he may include claims which he is currently exhausting in the state courts (*id.*). Petitioner states he is aware of the following:  (1) there is a one-year limitations period for filing a § 2254 petition, (2) the one-year period normally runs from date upon which the conviction became final, but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted, (3) the limitations period is <u>not</u> tolled during the pendency of a federal habeas proceeding, and (4) dismissal of the instant § 2254 petition without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred (*id.* at 4–5).

   Because Respondent has served an answer in the instant case, this action may not be dismissed at Petitioner's instance except by order of the court.  *See* Fed. R. Civ. P. 41(a)(2).  In light of Petitioner's desire to dismiss his petition, this court concludes dismissal is appropriate.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's motion to voluntarily dismiss his § 2254 petition (doc. 23) be **GRANTED** and this action dismissed without prejudice.

At Pensacola, Florida, this 13<u>th</u> day of July 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**